Charles A. Loreto, J.
The landlord has brought this summary proceeding seeking to evict the tenant and the undertenant. In its petition the landlord alleges that its predecessor entered into a lease for an apartment with the tenant for a three-year period commencing June 15, 1955. The landlord further alleges that the tenant has violated a substantial obligation of his tenancy and has failed to cure the violation after written notice. As the basis for this allegation the landlord alleges that under the terms of the lease, the tenant having defaulted in the ] jay merit of the monthly rent, it has exercised the option provided therein for the acceleration of the rent for the entire unexpired period of the lease and the tenant has failed to pay that sum on demand.
The lease provides that the tenant shall pay the sum of $936 in equal monthly payments of $26 each in advance on the 13th day of each month during said term. And paragraph 17 thereof reads: ‘ ‘ The entire rent for the period of this lease is payable in advance upon the execution of this agreement; but is made payable in monthly installments for the convenience of the tenant. Upon the failure of the tenant to pay any monthly installment, the entire balance of the rental then due shall become immediately due and payable at the option of the landlord. ’ ’
The tenant failed to appear. However, the subtenant has appeared and answered, interposing a number of defenses. Among them, that no proper notices as required by statute have been served. Next, that the lease is a sham and subterfuge, used as a means to contravene the emergency rent laws. Further, that the ground on which the eviction is based is not permissible during the emergency.
It is conceded that these are controlled housing accommodations and that the legal maximum monthly rent therefor is $27 per month. The subtenant has been the sole occupant of the *73 apartment from the inception of the lease and has paid to the tenant the sum of $15 weekly as rent.
Although the court believes there is much merit to the first objection as to the insufficiency of the notices and that some doubt concerning the enforcibility of the lease has been raised, the court chooses to place its decision in this case upon a determination of the last-mentioned objection to the maintenance of the proceeding. No reported case wherein this point has been raised has been found by the court or called to its attention.
The State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1955, ch. 685) states the grounds upon which an eviction may be had as to housing accommodations. During the emergency these are the only permissible reasons upon which an order of eviction may be granted.
The purpose of the legislation is to regulate and control residential rents and evictions in order to protect tenants against the exaction of excessive rent and to protect their continued possession during the emergency provided the rent agreed upon and allowed by the act is paid. For nonpayment of such rent, the act authorizes the institution of a nonpayment proceeding, which may result in a final order of eviction.
The act defines the maximum rent in subdivision 4 of section 2, as “ The maximum lawful rent for the use of the housing accommodations ”. That is specified as the amount paid as rent per month on the freeze date, to wit, March 1, 1943, plus any increases or adjustments thereafter allowed by the amendments to the law.
Section 5 states the only permissible grounds for eviction. It reads:
“ § 5. Evictions. 1. So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodation with respect to which a maximum rent is in effect pursuant to this act by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession notwithstanding the fact that the tenant has no lease or that his lease, or other rental agreement has expired or otherwise terminated, notwithstanding any contract, lease agreement or obligation heretofore or hereafter entered into which provides for surrender of possession, or which otherwise provides contrary hereto, except on one or more of the following grounds, or unless the landlord has *74 obtained a certificate of eviction pursuant to subdivision two of this section: (a) the tenant is violating a substantial obligation of his tenancy other than the obligation to surrender possession of such housing accommodation ”. Five other grounds are enumerated in the section which are not pertinent. And subdivision 2 of this section states the grounds other than those mentioned in subdivision 1 of this section where the landlord may make an application to the commission for a certificate of eviction. This too is not pertinent.
The failure to pay rent is permitted by the statute as a basis for eviction separate and distinct from the violation of a substantial obligation of tenancy. Here the landlord has asserted the failure to pay rent, as represented by the total accelerated rent for the balance of the lease term, as a ground for eviction under paragraph (a) of subdivision 1 of this section alleging that the tenant is thereby violating a substantial obligation of his tenancy.
The act permits the tenant’s eviction for nonpayment of rent and also for the violation of a substantial obligation of the tenancy. No one would doubt that the obligation to pay rent is an important and substantial obligation of tenancy. And there may well be circumstances with respect to the tenant’s recurrent and deliberate default in that respect which would spell out a ‘£ substantial ’ ’ violation of his tenancy obligation justifying an eviction proceeding based on that charge (Beck v. Lewis, N. Y. L. J., March 12, 1956, p. 9, col. 4).
However, the court does not believe that the Legislature intended to permit an eviction predicated on the claim of substantial violation of tenancy where the default of the tenant is merely nonpayment of current rent. For such default the landlord’s remedy seeking eviction is solely by institution of a nonpayment proceeding. For the consequences to the tenant resulting from such a proceeding vastly differ from those resulting from a holdover proceeding based on the charge of substantial violation of obligation of tenancy. In the latter instance, a final order of eviction would issue and the tenant would be deprived of continued occupancy after the expiration of any stay granted by the court. Whereas under the former, the final order provides for the eviction only if the tenant fails to pay the rent found due within the time allowed by court.
The court is of the opinion that the acceleration clause is inoperative during the emergency since it would, if invoked, as here, impose on the tenant an oppressive rent obligation *75 frowned upon by the statute. The declared purpose of the statute is “ to prevent exactions of unjust, unreasonable and oppressive rents and rental agreements ” (§1). The result sought here would subject a tenant to the immediate obligation, because of his failure to pay one month’s rent on the due date, to pay all the rent for the entire unexpired term of the lease, whether that be months or years yet unexpired. To recognize the validity of such a provision of tenancy would put into the hands of unscrupulous landlords an easy means of evicting tenants unless they could meet an exceedingly onerous and oppressive rent obligation which could be crushing in effect. Such an accomplishment would thwart the clear intendment and purpose of the statute.
There has been no showing of the existence on the freeze date of any rent agreement covering the subject apartment with a rent acceleration provision as herein mentioned.
The petition is therefore dismissed on the merits.